UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLX COMMERCIAL CAPITAL LLC | CIVIL ACTION |
| VERSUS | NO:    14-0306 |
| BILCO TOOLS, INC. ET AL. | SECTION: "B" (4) |

### ORDER

Before the Court is Plaintiff, BLX Commercial Capital, LLC's ("BLX") **Motion for Leave to Amend Complaint (R. Docs. 23)** seeking leave of court to file an amended complaint to fix an inadvertent failure to name the proper holder of the promissory notes at issue. The motion is opposed. *See* R. Doc. 31. The motion was heard for oral argument on Wednesday, November 19, 2014.

### I.     Background

Plaintiff, BLX, initiated this action on February 10, 2014 to collect amounts due under seven promissory notes, specifically Notes A through G. *See* R. Doc. 1. BLX alleges that its predecessor, BLC Commercial Capital Corporation ("BLC") entered into a loan agreement with the defendant, Bilco Tools, Inc. ("Bilco") on October 12, 2001. *Id*. BLX alleges that William E. Coyle, Jr. and T&T Investments Corporation entered into a guaranty agreement with BLC to secure the notes, which made them primarily liable, jointly and severally, with Bilco for the repayment of the loan. *Id*. BLX alleges that Bilco has been in default under the terms and conditions of the loan agreement from April 2009 to January 2014 for failing to make monthly payments. *Id*.

In the initial complaint, BLX alleges that it is the holder and servicer of all seven notes at issue. BLX now seeks to amend its initial complaint to "remedy its inadvertent failure to name the proper holder of the Notes at issue therein." *See* R. Doc. 23-1, at 3. BLX asserts that through the course of discovery it has determined that the USDA is the proper holder of six of the seven notes[1], and that BLX is only the holder of one note and the servicer of all the notes. *Id*.

## II.     Standard of Review

Federal Rules of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16 provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *See* Fed. R. Civ. Pro. 16(b)(4). Therefore, only after the movant has satisfied the good cause requirement of Rule 16(b) will the more liberal standard of 15(a) apply. *S&W Enters., LLC*, 315 F.3d at 536.

---

[1] During oral argument counsel for BLX stated that the USDA was the holder of seven of eight notes. However, the complaint only references seven notes: Note A, Note B, Note C, Note D, Note E, Note F, and Note G. See R. Doc. 1, at 4-5.

In determining whether a party has provided good cause under Rule 16(b), courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC*, 315 F.3d at 535. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, at 535 (internal quotations and citations omitted).

### III.  Analysis

BLX filed the instant motion on November 4, 2014, which is about five months after the June 9, 2014 amendment deadline set in the Scheduling Order. *See* R. Doc. 9. As such, the Court must apply Rule 16(b) to determine whether BLX has good cause for filing the motion after the Scheduling Order deadline. Thus, the Court will apply the aforementioned factors set forth in *Huey*.

### A.  Explanation of the untimely conduct

BLX argues that it seeks to amend its complaint because through the course of its investigation related to discovery it determined that it is not the holder of all the notes at issue, and that the USDA is the holder of six of the seven notes. *See* R. Doc. 23-1, at 3. During oral arguments, counsel to BLX represented to the Court that when they filed the instant action they did not verify that BLX was the holder of the notes and simply relied on its client's assertion that it was the true holder of the notes. Counsel stated that prior to filing this action it received only copies of the six notes that are in the possession of the USDA and an original for the note actually possessed by BLX. Further, counsel represented that it learned the USDA was the holder

3

of the six notes in late June but waited five months to file a motion to amend because it was waiting for the USDA to verify that it is the true owner of the notes by producing the notes. Counsel stated that the USDA has still not produced the notes.

In opposition, the Defendants contend that BLX cannot satisfy the diligence standard under Rule 16 because a plethora of documentation produced by BLX shows that it has not been the holder of six of the seven notes since 2001 and that the USDA has been the holder of six of the seven notes since at least 2006. *See* R. Doc. 31, at 3-4. Defendants argue that BLX cannot reasonably claim that it only learned of the USDA during discovery because BLX had documentation in its possession, which it produced to Defendants, that demonstrates the USDA is the true holder of the notes. *Id*. at 4. Defendants further argue that BLX knew that the USDA was the holder of the notes because before filing this action BLX submitted to the USDA a Liquidation Plain seeking the approval of the USDA to proceed.

Courts in the Fifth Circuit have held that information learned during discovery is good cause to amend under Rule 16. *See e.g. Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, No. H-10-1708, 2011 WL 2193294 (S.D. Tex. June 6, 2011) (granting leave to amend and add the CEO as a new defendant after his deposition); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 853 (E.D.Tex.2004) (granting leave to amend after discovery uncovered additional products that might have been infringed); *Udoewa v. Plus4 Credit Union*, No. CIVA H–08–3054, 2010 WL 1169963, at *2–3 (S.D. Tex. Mar.23, 2010) (granting leave to amend after discovery to add claim based on deposition testimony).

While new information revealed during discovery can provide good cause to grant leave to amend, it should not be granted if the information was known or should have been known prior to discovery. *See Mobius Risk Grp., LLC*, No. H-10-1708, 2011 WL 2193294 at *3

(granting leave to amend because the record did not reflect the plaintiff knew or could have known the new defendant's fraudulent role in the matter); *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. CIV.A. H-10-3828, 2012 WL 2122198 (S.D. Tex. June 11, 2012), appeal dismissed (Sept. 12, 2012) (denying leave to amend because the new claims and allegations arising out of discovery were known at the time she filed the action). Thus, diligence is at the crux of the good cause standard under Rule 16. *Mobius Risk Grp., LLC*, No. H-10-1708, 2011 WL 2193294 at *3.

     Here, the Court finds that BLX did not exercise due diligence in filing this action. Counsel for BLX was on notice that BLX was not the true holder of the notes from the onset of this action. First, BLX has not been the holder of all the notes since 2001 and the USDA has been the holder of six of the seven notes since at least 2006. Second, prior to filing the complaint, counsel only received the original note for Note G and copies for Notes A through F. This should have put counsel on notice to diligently investigate and verify that its client was the actual holder of all the notes at issue; rather, counsel unjustifiably relied on its client's representation that it was the true holder of all the notes. Third, counsel submitted a Liquidation Plan to the USDA seeking authorization to file this action, which signifies that counsel was on notice of the USDA's role in this dispute. Fourth, BLX had in its possession this entire time documentation that indicated it was not the holder of all the notes and produced that documentation to the Defendants during discovery.

     Moreover, the Court finds that BLX was unduly delayed in filing the instant motion for leave to amend. The amendment deadline was June 9, 2014 and counsel represents that it learned that the USDA was the holder of six of the seven notes in late June. Counsel did not immediately file the instant motion upon discovering this new information, but waited five months and

contends that it was waiting for the USDA to respond to its request to send the six notes. However, counsel still has not received the notes from the USDA but still proceeded to file the instant motion, demonstrating that it was not necessary for them to wait for a response from the USDA. Rule 16 requires diligence on part of the moving party and since BLX has not demonstrated diligence, the first factor under Rule16 is not satisfied.

### B.       The importance of the requested untimely action

BLX argues that it seeks to amend its complaint to remedy an inadvertent failure to name the proper holder of the notes at issue in this litigation. *See* R. Doc. 32-1, at 3. BLX contends that the amendment is necessary as a technicality to preserve BLX's right to bring this lawsuit because it is the servicer of all the notes but only the holder of Note G. *Id*. at 4.

Defendants contend that the proposed amendment is an attempt by BLX to secretly add a party to the complaint less than thirty days before the close of discovery. *See* R. Doc. 31. Defendants represent that in the proposed amended complaint, BLX seeks to add the USDA as a plaintiff to the action in the introductory paragraph and in the prayer for relief. *Id*. at 2. Defendants contend that the amendment does not simply seek to correct an inadvertent factual error, but changes BLX's capacity from holder of the notes to servicer of the notes. *Id*. Defendants argue that this fundamental change to the lawsuit would require them to conduct additional discovery and explore new defenses. *Id*. at 7.

During oral arguments, counsel for BLX was specifically asked whether they were attempting to add the USDA as a party to this suit and counsel responded in the negative. However, the prayer section of the proposed amended complaint specifically states "BLX Commercial Capital, LLC, successor to BLC Commercial Capital Corp., ***and*** the United States Department of Agriculture prays . . ." *See* R. Doc. 23-2, at 4 (emphasis added). It is unmistakably

apparent that BLX is surreptitiously attempting to add the USDA as a party to this suit despite its contrary representation to the Court. While this amendment may be seemingly important to preserve BLX's capacity to bring this suit, BLX's lack of due diligence and surreptitious tactics undermine the importance of the amendment. Thus, the second factor under Rule16 is not satisfied.

### C.     The potential prejudice in allowing the untimely conduct

BLX argues that the Defendants would not be prejudiced by the amendment because they will have more than ample opportunity to defend this action under the amended complaint. *See* R. Doc. 23-1, at 4. BLX argues that the amendment does not affect the nature of the action nor does it affect the Defendants' potential defenses. *Id*. BLX additionally contends that the amendment wouldn't have the effect of prolonging the litigation or disrupting the Scheduling Order. *Id*.

Defendants assert that they would be unduly prejudiced by the amendment because the amendment would fundamentally alter the case by changing BLX's capacity to servicer and essentially adding the USDA as an additional plaintiff. *See* R. Doc. 31, at 7. As such, Defendants argues that it would need to conduct formal discovery of USDA. Specifically, Defendants contend that they would need to conduct discovery as to the USDA's re-purchasing of the notes and the relationship between the USDA and BLX. *Id*.

However, Defendants contend that there is less than a month until the close of discovery and that they still need to explore new defenses as to BLX's new capacity as a servicer. *Id*. at 8. Furthermore, Defendants argue that there are serious questions as to whether the USDA would consent to BLX representing its interest. *Id*. at7.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* Nos. 12–0071, 12–1798, 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013); *see also In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in the bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid). Furthermore, while granting leave to amend may be proper to add alternative legal theories on the same underlying facts, it may not be proper to add new causes of action and new defendants. *See Mayeaux*, 376 F.3d at 427–28 (finding that the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[t] the case anew.").

The Court finds that BLX's amendment would fundamentally alter the nature of the case because it changes the capacity in which BLX can bring this suit and as previously mentioned, adds the USDA as a party to this suit.[2] The discovery deadline is December 9, 2014 but BLX has been aware that the USDA is the holder of the six notes since late June 2014 at the latest and since 2001 at the earliest. BLX's delay in seeking the amendment is prejudicial to the Defendants' ability to conduct discovery and develop their defenses. Furthermore, it would require the continuance of the deadlines set forth in the Scheduling Order. Thus, the Defendants would be prejudiced by the amendment and the third factor under Rule 16(b) is not satisfied.

**D.      The availability of a continuance to cure such prejudice**

As stated, the discovery deadline is December 9, 2014, which is less than a month away. An amendment to the complaint would require an extension of the deadlines to cure the

---

[2] Counsel for BLX stated during oral argument that BLX is authorized to bring this action on the USDA's behalf as the servicer of Notes A through F.

prejudice against the Defendants. Thus, there is no time to cure the prejudice caused by the delayed amendment and the last factor under Rule 16(b) is not satisfied.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff, BLX Commercial Capital, LLC's **Motion for Leave to Amend Complaint (R. Docs. 23)** is **DENIED**.

New Orleans, Louisiana, this 21st day of November 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**