UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLX COMMERCIAL CAPITAL LLC                CIVIL ACTION

VERSUS                                     NO:     14-0306

BILCO TOOLS, INC. ET AL.                   SECTION: "B" (4)

## ORDER

Before the Court are Plaintiff, BLX Commercial Capital, LLC's ("BLX") **Motion for Protective Order (R. Docs. 21)** and Defendants, Bilco Tools, Inc. ("Bilco"), Williams E. Coyle, Jr., T&T Investment Corp., and Coyle Enterprises (collectively "Defendants") **Motion to Compel (R. Docs. 25)**. The motions are opposed. *See* R. Doc. 33 (Defendants' opposition to R. Doc. 21) and R. Doc. 38 (BLX's opposition to R. Doc. 25). The motions were heard for oral argument on Wednesday, November 19, 2014.

### I.    Background

BLX filed this action on February 10, 2014 alleging that the Defendants were in default on a loan agreement they entered into in 2001. On July 27, 2014, the Defendants propounded its First Set of Interrogatories and Requests for Production and BLX provided its responses on September 15, 2014, after a two week extension was granted by the Defendants. On September 17, 2014, Defendants sent correspondence to BLX contending that the responses were deficient and propounding additional discovery requests upon BLX. After the parties engaged in a discovery conference on September 26, 2014, BLX sent supplemental responses on October 7,

2014 and identified forty-six (46) current and former employees of BLX who worked on the loan at issue.

Defendants now seek emails from current and former BLX employees who worked on the loan at issue, as well as all appraisals of equipment and machinery, the "Ciena/Shaw Web Portal," and the identity and status of former or current employees Bill Hartley and Kevin Castro. *See* R. Doc. 25-1, at 2-3. BLX opposes the production of the emails and seeks a protective order to protect it from producing the emails requested and to protect it from unnoticed depositions of employees. *See* R. Doc. 21.

In its opposition to the Defendants motion to compel, BLX represented to the Court that the Defendants are either in possession of the additional information sought or would be provided with the information before the hearing on November 19, 2014. *See* R. Doc. 38, at 7-11. However, contrary to BLX's representation to the Court, it did not produce the appraisals, the "Ciena/Shaw Web Portal," or provide sufficient information as to the identity and status of Bill Hartley and Kevin Castro. As such, BLX is ordered to produce these requests by 5:00 p.m. on November 19, 2014.

The Court will now focus on the Defendants' motion to compel and BLX's motion for protective order as to the production of the emails from current and former BLX employees who worked on the loan at issue.

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Federal Rule of Civil Procedure 26(c) governs the issuance of protective order and it contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (stating that Rule

26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").

**III.     Analysis**

Defendants represent that BLX has not produced relevant emails to date and that there are no depositions for employees currently noticed. *See* R. Doc. 33. In support of their request for emails, Defendants argue that the emails are only for the employees directly involved and only seek relevant information as limited by the search terms provided. *Id*. Defendants also contend that the request is not overly burdensome because some of the employees only worked for BLX for a few years. Defendants further argue that BLX has not demonstrated or produced any evidence to support hardship in producing the emails. *Id*.

Regarding the unnoticed depositions, Defendants contend that they have not requested any depositions of BLX's employees and that BLX is incorrectly assuming the Defendants intend to depose all forty-six former or current employees. *Id*. Defendants state that they would only like to take a corporate deposition of BLX and proceed with the depositions of former employees Bill Hartley, Kevin Castro, and Robert T. Hawes. *Id*.

BLX argues that it seeks a protective order because producing the emails and employees for depositions is burdensome, costly, and irrelevant. *See* R. Doc. 21-1, at 3. BLX argues that the Defendants seek the production of over thirteen (13) years of internal communications from employees. *Id*. BLX contends that it is a small company and the satisfaction of this request would require a substantial devotion of time and expense. *Id*. BLX additionally argues that the Defendants are not entitled to any discovery pursuant to *American Bank v. Saxena* because as the Lender, BLX has met its burden of establishing that sums are due on a promissory note. *See id.* at 4 (citing *Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989)).

4

Furthermore, BLX contends that the Defendants are not entitled to conduct depositions because of the rule set forth in *Saxena*, which limits discovery. *Id.* at 5. BLX argues that it does not contest a Rule 30(b)(6) deposition but opposes the depositions of current and former employees. *Id.* BLX contends that the depositions are unnecessary, irrelevant and unduly burdensome, and only seek to delay and unnecessarily prolong this litigation and impose significant attorney fees. *Id.*

Pursuant to Rule 26(c), the burden is upon BLX to show that good cause exists to protect it from producing the emails and from producing its employees for depositions. Counsel for BLX was asked during oral arguments to articulate why the emails at issue are not relevant. Counsel was not able to articulate a specific reason why the emails were not relevant and represented to the Court that it has not actually reviewed any of the emails at issue to determine their relevancy. Without any evidence to support it, counsel's baseless assertions and personal beliefs are not enough to affect this Court's relevancy analysis. Furthermore, the Defendants only request emails from six employees and all emails regarding the liquidation and appraisal of Bilco. This request is further narrowed by eight search terms, which vastly limit the amount of emails that must be produced and help to limit the burden and cost of production.

As to BLX's argument that the Defendants are not entitled to discovery pursuant to the Louisiana Supreme Court decision *American Bank v. Saxena*, the Court finds this argument misplaced. It is well established that "[u]nder the *Erie* doctrine, 'federal courts sitting in diversity apply state substantive law and federal procedural law.'" *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211 (1996)). Thus, state case law does not affect the rules of discovery and *Saxena* has no bearing on the discovery in this case.

Finally, no depositions have been noticed at this time so it is premature to request a protective order for speculative discovery that may never be requested. Without a subpoena noticing the depositions, the Court cannot assess the relevancy of the depositions. Consequently, the protective order is denied as to the unnoticed depositions.

**IV.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that BLX's **Motion for Protective Order (R. Docs. 21)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Compel (R. Docs. 25)** is **GRANTED**. BLX shall produce all appraisals of equipment and machinery, the "Ciena/Shaw Web Portal," and the identity and status of former or current employees Bill Hartley and Kevin Castro by **5:00 p.m. on November 19, 2014**. BLX shall also produce the emails as requested for current and former BLX employees by **November 29, 2014**.

New Orleans, Louisiana, this 24th day of November 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**